**Palace REIT, Plaintiff—Appellant,**

v.

**Betty ENGELSTAD, as Executrix of the Estate of Ralph Louis Engelstad, Deceased; Heritage Loraine, Inc.; Arthur F. Lorentzen, Jr.; Nobody, Inc.; Southpark, Ltd., Defendants—Appellees.**

No. 03–16806.

D.C. No. CV–00–01361–LRH/PAL.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 2005.*

Decided April 18, 2005.

Glast, Phillips & Murray, P.C., Dallas, TX, for Plaintiff-Appellant.

Walter R. Cannon, Thomas D. Dillard, Jr., David M. Jones, Rawlings Olson Cannon Gormley & Desruisseaux, James D. Hibbard, John S. Delikanakis, Bullivant Houser Bailey, PC, Las Vegas, NV, Daniel D. Norr, Henderson, NV, for Defendants–Appellees.

Before GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM**

Although neither party contests federal jurisdiction on appeal, it is appropriate for this court to raise the issue *sua sponte.*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*See, e.g., California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States,* 215 F.3d 1005, 1009 (9th Cir.2000). Where, as here, a defendant requests removal from state court and the plaintiff's complaint does not allege an amount in controversy, the removing defendant must prove the amount in controversy by a preponderance of the evidence. *See, e.g., Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). Because the removing defendants in this case failed to demonstrate any amount in controversy, they have not properly invoked federal jurisdiction. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992). We therefore vacate the judgment of the district court and remand with instructions that the cause be remanded to state court.

The appeal is DISMISSED, and the cause is REMANDED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

